# SUPER LAW GROUP, LLC

May 26, 2023

**VIA ECF**

Honorable Denise L. Cote
United States District Court, Southern District of New York
500 Pearl Street, Room 1910
New York, NY 10007

      Re:    *Riverkeeper, Inc. v. Pascap Co., Inc.*, Case No. 1:22-cv-02999-DLC
              Unopposed Motion to Enter Consent Decree

Dear Judge Cote,

Super Law Group, LLC, represents Plaintiff Riverkeeper, Inc. in the above-referenced action. Plaintiff, with the consent of Defendant Pascap Co., Inc. ("Pascap") (collectively, the "Parties"), respectfully move the Court to enter the attached proposed Consent Decree.

On March 31, 2023, the Parties notified the Court that the Parties had agreed to a settlement of this case via a proposed Consent Decree. Dkt. No. 22. The Parties asked the Court to stay all proceedings pending the conclusion of a required forty-five (45) day review period mandated by the Clean Water Act ("CWA") and its regulations, to allow the United States to review the proposed consent decree. 33 U.S.C. § 1365(c)(3); 40 C.F.R. § 135.5(b).

Counsel for Plaintiff subsequently provided copies of the fully-executed proposed consent decree to the United States Department of Justice ("DOJ") and the United States Environmental Protection Agency ('EPA"). On May 22, 2023, DOJ submitted a letter notifying the Court that "the United States has reviewed the proposed consent decree between plaintiff and defendant and does not object to its entry by the Court…" Dkt. No. 24. Thus, the Parties have complied with all the Clean Water Act's procedural requirements.

The Second Circuit has recognized a "strong judicial policy in favor of settlements." *Wal-Mart Stores, Inc. v. Visa U.S.A. Inc.*, 396 F.3d 96, 116 (2d Cir. 2005). In examining a consent decree proposed to resolve a citizen suit, "a district court should enter a proposed consent judgment if the court decides that it is fair, reasonable and equitable and does not violate the law or public policy." *Sierra Cub, Inc. v. Electronic Controls Design, Inc.*, 909 F.2d 1350, 1355 (9th Cir. 1990) (citing *Citizens for a Better Environment v. Gorsuch*, 718 F.2d 1117, 1125–26 (D.C. Cir. 1983)).

In the context of the Clean Water Act, a settlement agreement should seek, among other things, to "restore and maintain the chemical, physical, and biological integrity of the Nation's waters." 33 U.S.C. § 1251(a)  Often, voluntary compliance with environmental regulations will "contribute significantly toward ultimate achievement of statutory goals" by reducing the cost of environmental compliance. *Patterson v. Newspaper & Mail Deliverers' Union*, 514 F.2d 767, 771 (2d Cir. 1975). Ultimately, settlements encourage informal resolution of disputes, allowing the parties to "gain significantly from avoiding the costs and risks of a lengthy and complex trial." *Ehrheart v. Verizon Wireless*, 609 F.3d 590, 595 (3d Cir. 2010).

In its Complaint, Plaintiff alleged that Defendant was violating the CWA by discharging polluted stormwater from its industrial facility ("Facility") into the Hutchinson River, a water of the United States, in violation of its authorization under New York's Multi-Sector General Permit for Stormwater Discharges Associated with Industrial Activity. Dkt. No. 1. In response, the proposed Consent Decree reflects that Pascap has since improved a number of stormwater pollution prevention measures at the Facility, will be implementing additional such measures, revised its Stormwater Pollution Prevention Plan ("SWPPP"), and will be enhancing its stormwater monitoring program. In addition, in lieu of any payment that could have been assessed as a penalty if the matter were tried, Defendant is required to pay Environmental Benefit Payments in the total amount of $50,000 for use on projects relating to water quality improvement in the Hutchinson River Watershed and the adjacent portions of the New York Harbor.

These terms are fair, reasonable, and adequate. By requiring Pascap to improve its stormwater control measures and update its SWPPP, the proposed Consent Decree remedies the specific statutory violations alleged in the Complaint and ensures that the Facility will remain in compliance with its permit and the Clean Water Act moving forward. As evidenced by DOJ's review and approval, the Consent Decree is in accordance with public policy. The Court should enter the proposed Consent Decree and resolve this dispute because doing so will further the CWA's twin policy aims of protecting the health of our nation's waterways and reducing the cost of environmental compliance.

For the reasons stated above, Plaintiff respectfully moves the Court to enter the concurrently submitted proposed Consent Decree by signing on page 15 and then e-filing the so-ordered Consent Decree. Defendants' counsel, Paul Casowitz, Esq., consents to the request to enter the proposed Consent Decree.

Sincerely,

Douglas J. Chermak
Attorneys for Plaintiffs

Cc: All Counsel of Record (via ECF)